19557

W. H. HUSSEY and Flossie J. Chestnut, Respondents, v. Lucian P. STEPHENS and Emily Stephens, Appellants.

(194 S. E. (2d) 243)

*Jim Dunn, Esq.,* of Conway, *for Appellants,*

*Messrs. John M. Scott,* of Florence, and *John B. Mc-Cutcheon,* of Conway, *for Respondents*

January 24, 1973.

LEWIS, Justice:

This is an action to recover real estate commissions due to plaintiffs by defendants under a written agreement which provides for the payment of the commissions in annual installments. The lower court entered judgment in favor of plaintiffs for the unpaid balance and defendants have appealed. The amount of the unpaid balance under the written agreement is not in dispute. The sole issue between the parties is whether the entire balance is now due and payable.

Respondents are real estate agents and, in July 1969, negotiated the sale to a third party of a motel owned by appellants at Cherry Grove Beach, South Carolina. The purchase price of the motel was the sum of $335,000.00, of which, $60,000.00 was paid in cash and the remainder was secured by a note and purchase mortgage of $275,000.00, payable in annual installments of $25,000.00 each, these installments to be paid each year in three payments of $8,333-.33 on July 5th, August 5th, and September 5th, with interest at 9%.

Appellants agreed to pay respondents the sum of $10,000-.00 as commissions on the foregoing sale. Of this amount, $2,000.00 was paid at the time of the sale, and the following written agreement entered into between the parties for the payment of the balance of $8,000.00:

" . . . the said Lucian Stephens and Emily Stephens (appellants) agree to pay the balance of the commission on the sale of the Pelican Motel, in the amount of $8,000.00, to the said W. H. Hussey and Flossie J. Chestnut (respondents), as below set out: This is not an interest bearing paper.

"1/11 of the said $8,000.00, which is $727.27, each time a $25,000.00 payment on the motel is made to the said Lucian and Emily Stephens, with the first payment to, be made September 1, 1969. And a like amount on September 1, of each year thereafter until the full amount is paid."

The purchaser made two annual payments of $25,000.00 each on the mortgage indebtedness, plus interest at 9%, but on April 30, 1971 reconveyed the motel property to appellants for the sum of $30,000.00 and the cancellation of the mortgage. The note and mortgage were accordingly marked paid in full and cancelled of record on the date of reconveyance.

In accordance with the written agreement for the installment payment of the commissions, two payments of $727-.27, each, were made by appellants, and a third payment by check in the same amount was made after this action was in-

stituted. It was undisputed that the balance due to respondents under the commission agreement, at the time of the institution of the present action was the sum of $8,000.00, less the two payments of $727.27 each, or a balance of $6,545.46. It was further undisputed that appellants were not in arrears on any installment under the agreement.

Upon the reconveyance of the property to appellants and the entry of the satisfaction of the purchase money mortgage, respondents instituted this action to recover the entire unpaid balance under the commission agreement, taking the position that, although appellants were not in arrears on their payments, the satisfaction of the mortgage constituted an acknowledgement that they had been paid in full, which rendered the unpaid balance of the commissions immediately due. They contend that the provisions of the commission contract, which made a payment thereunder due "each time a $25,000.00 payment was made on the motel," etc., showed an intent to tie the commission payments to the mortgage payments; and that, when the mortgage indebtness was paid in full, the balance due on the commission contract immediately became due and payable.

Appellants contend, on the other hand, that the commission contract and the mortgage are separate and distinct contractual obligations and that they have a right under the commission contract to pay the balance due thereunder in annual installments of $727.27, without interest. They take the further position that, if the entire unpaid balance of commissions is now due, then, since the balance did not bear interest, appellants should be allowed to deduct the value of the interest which would be earned (by them) on their money, if allowed to retain it and pay on the installment basis.

Upon the trial of the case and at the conclusion of the evidence, both parties moved for a directed verdict in their favor. The motions of respondents was granted and judgment was entered in their favor in the amount of $6,545.46, representing the unpaid balance under the commission con-

tract. The court held that there was no ambiguity in the contract and that under its plain terms the installment payments were made payable as the installments under the note and mortgage were paid. Therefore, when the note and mortgage were marked paid and satisfied, the basis for the deferred payments and the balance of the commissions became immediately due and payable.

All questions argued on appeal may be disposed of by a decision of one issue, to wit: Did the satisfaction of the mortgage indebtedness operate to accelerate the payment of the remaining installments due under the commission contract?

We disagree with the lower court's construction of the commission agreement.

The agreement provided for the payment of the sum of $8,000.00 in eleven (11) annual installments of $727.27, one-eleventh (1/11) to be paid each time a $25,000.00 payment was made on the motel, with the first payment on September 1, 1969, and a like amount on September 1st of each year thereafter. The contract plainly provides for the payment of the principal sum in eleven (11) equal annual installments and nowhere are the annual payments made contingent upon the payment of the installments due on the motel.

The recital, "1/11 each time a $25,000.00 payment on the motel is made," is simply a reference to, the transaction out of which the obligation to pay commissions arose. It could not have meant that "1/11" was to be paid only when a $25,000.00 payment was made, for the contract clearly and plainly provides that the payment must be made "on September 1," of each year, until the full amount is paid. The annual commission installment was, therefore, required to be made by September 1st regardless of whether the payment "on the motel" was made by that time. This is made abundantly clear by the fact that the full payment of $25,000.00 was not due under the mortgage until September 5th of

each year, four days after the commission installment on September 1st.

Certainly, the parties did not intend that the payment of the installments under the commission contract would be governed by whether the mortgage or motel payments were made. If such had been the agreement, then an annual installment of $727.27 could not have been collected unless the full mortgage installment of $25,000.00 had been paid each year. In like manner, default in payment of the entire mortgage balance would have relieved appellants from the obligation to make further commission payments since, in that case, no further "$25,000.00 payment on the motel" would have been made. To the contrary, all agree that the ultimate obligation to pay under the commission agreement was not dependant upon whether the mortgage was paid. The commissions had already been earned and the agreement simply provided for their deferred payment.

The reference in the agreement to the "$25,000.00 payment on the motel," therefore, could not have had any operative effect but was only a recital and, as such, could not prevail over the clear and unambiguous provisions for the payment of the balance in eleven(11) equal installments of $727.27.

The lower court not only construed the commission agreement as making the installments thereunder due when the mortgage payments were made, but also concluded that the satisfaction of the mortgage indebtedness acted to accelerate the payment of the balance due under the commission contract. The short answer to this conclusion is that the contract nowhere contained an acceleration clause and the court was without authority to rewrite the agreement so as to provide one.

Appellants were entitled under the agreement to pay the indebtedness in annual installments on September 1st of each year. They were not in default and the lower court was in error in entering judgment against them.

The judgment of the lower court is accordingly reversed and the cause remanded for entry of judgment in favor of appellants.

Moss, C. J., and Bussey and Brailsford, JJ., concur.

Littlejohn, J., dissents.

Littlejohn, Justice (dissenting):

I respectfully dissent and would affirm the judgment of the Horry County Court.

When the sale of the motel property to the Halls was completed, the commissions of the plaintiffs had been earned. It is not in debate but that it was the intent of all parties that the earned commissions be paid. The debate arises over when the defendants were required to make payments. I agree with the majority opinion wherein it is stated that: "Certainly, the parties did not intend that the payment of the installments under the commission contract would be governed by whether the mortgage or motel payments were made." I likewise agree that default in payment of the entire mortgage balance would not have relieved the appellants from the obligation to pay the entire commission.

I cannot agree with the argument of appellants: "That the commissions agreement was an entirely separate transaction between the Stephens and the real estate agents and stood on its own contractual obligation . . . " The intent of the parties and the construction of the contract must be considered in the light of the facts which brought it into existence. It is obvious that the real estate agents agreed to take delayed payments because the sellers-appellants were not getting all of their money in cash. The agents agreed to delayed payments because the sellers were getting delayed payments.

When the appellants bought the property back for $30,-000.00 plus cancellation of the mortgage, it was the equivalent of receiving full payment in cash. It was never the intent of the parties that the appellants be paid before the agents were paid. If it had developed that the annual $25,-

000.00 payments were never made, the commission install-ments would have been due on the dates set forth in the agreement.

I think the trial judge had a complete understanding of the issues when he said:

"Taking the property back is the same as the payment of the whole indebtedness and they are entitled to the balance of their commission.

\* \* \*

"Under the contract as I interpret it, it provides that this commission of Eight Thousand Dollars was to be made in payments of Seven Hundred Twenty Seven Dollars and Twenty Seven Cents each time a Twenty Five Thousand Dollar payment on the motel was made. And it is my inter-pretation that when the property was conveyed back to the Stephens, it amounted to the payment of the balance due on the mortgage and that the plaintiffs in this case are entitled to the balance of their commissions at this time."